IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTY BOOKER and<br>JOSEPH PUHL, | ) | |
| | ) | |
| | ) | C. A. No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER DEREK DAYOUB, OFFICER<br>AMBER PRICE, OFFICER SCOTT<br>GRAY, SMITH TOWNSHIP, WASHINGTON<br>COUNTY, PENNSYLVANIA, and BOROUGH<br>of BURGETTSTOWN, PENNSYLVANIA, | ) ) ) ) ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

## INTRODUCTION

1.    This action is brought on behalf of Kristy Booker and Joseph Puhl arising from events which occurred on May 30, 2008 when the defendant officers subjected the plaintiffs to a false arrest, the use of excessive force, and filed false malicious felony and/or misdemeanor criminal charges, unsupported by probable cause or other reasonable basis.   The individual defendant officer's conduct was carried out in accordance with the custom, practices and/or policies of the municipal defendants who failed to adequately train, supervise and/or discipline the individual officers and/or who otherwise acquiesced in their unconstitutional conduct.   Defendants' conduct violated the plaintiffs' rights under the fourth amendment to be free from unreasonable searches, seizures, excessive force and the filing of false and malicious criminal charges as well as their rights under the fourteenth amendment to be free from municipal defendants'

"deliberate indifference" to the violation of citizens' constitutional rights. The violation of the plaintiffs' constitutional rights is made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

## JURISDICTION

2. This court's jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

## PARTIES

3. The plaintiffs Kristy Booker and Joseph Puhl are adult individuals residing in Mansfield, Ohio. Prior to the events in this case neither plaintiff Booker nor Puhl were ever arrested, prosecuted, or charged with any criminal offenses.

4. The defendant, Smith Township, Washington County, Pennsylvania is a municipality located within the Commonwealth of Pennsylvania duly authorized to operate and maintain a police department. At all times relevant hereto, this defendant was acting, by and through its duly authorized employees, and/or agents, who were then and there acting within the course and scope of their employment, and in accordance with the customs, policies and practices of such defendant, and who were also acting under color of state law.

5. At all relevant times, Smith Township failed to adequately train, supervise, or discipline its police officers despite the fact that defendant was on notice that such officers had violated the constitutional rights of citizens.

6. Despite its knowledge that Smith Township police officers had on prior occasions violated citizens' constitutional rights, it took no action, precautions, and/or any adequate measures to prevent such abuses from occurring in the future.

2

Case 2:05-mc-02025    Document 508    Filed 04/30/2009    Page 3 of 10

7.      Smith Township's knowledge of prior constitutional violations and its failure to take any action, precautions, or adequate measures to prevent such abuses from occurring in the future, including its failure to properly train, supervise and/or regulate its police officers, constituted a custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens.

8.      The defendant, Borough of Burgettstown, Washington County, Pennsylvania (Burgettstown) is a municipality located within the Commonwealth of Pennsylvania duly authorized to operate and maintain a police department.  At all times relevant hereto, this defendant was acting, by and through its duly authorized employees, and/or agents, who were then and there acting within the course and scope of their employment, and in accordance with the customs, policies and practices of such defendant, and who were also acting under color of state law.

9.      At all relevant times, Burgettstown, failed to adequately train, supervise, or discipline its police officers despite the fact that defendant was on notice that such officers had violated the constitutional rights of citizens.

10.      Despite its knowledge that Burgettstown police officers had on prior occasions violated citizens' constitutional rights, Burgettstown took no action, precautions, and/or any adequate measures to prevent such abuses from occurring in the future.

11.      Burgettstown's knowledge of prior constitutional violations and its failure to take any action, precautions, or adequate measures to prevent such abuses from occurring in the future, including its failure to properly train, supervise and/or regulate its

police officers, constituted a custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens.

12.     The defendant Burgettstown, and the defendant Smith Township at various times shared police officers and such municipal defendants were joint employers of those officers, including the individual defendant officers named in this case.

13.     The defendant Officer Amber Price is an adult individual who is believed to reside in Washington County, Pennsylvania who at all relevant times was a police officer employed by defendant Burgettstown and/or Smith Township who was then and there acting under the color of state law, and in accordance with the customs, policies and/or practices of such police departments.  This defendant is sued in her individual capacity.

14.     The defendant Officer Derek Dayoub is an adult individual who is believed to reside in Allegheny County, Pennsylvania who at all relevant times was a police officer employed by defendant Burgettstown and/or Smith Township who was then and there acting under the color of state law, and in accordance with the customs, policies and/or practices of such police departments.  This defendant is sued in his individual capacity.

15.     The defendant Officer Scott Gray is an adult individual who is believed to reside in Washington County, who at all relevant times was a police officer employed by defendant Burgettstown and/or Smith Township who was then and there acting under the color of state law, and in accordance with the customs, policies and/or practices of such police departments.  This defendant is sued in his individual capacity.

4

**FACTUAL ALLEGATIONS**

16.     On May 30, 2008, plaintiffs Booker and Puhl attended the Dave Matthews Band concert at the Post-Gazette Pavilion in Burgettstown, Pennsylvania.  After the concert ended, Booker and Puhl were returning to their hotel when the vehicle in which they were passengers, operated by April Stallard, a friend, was stopped by defendant Dayoub for allegedly "swerving."

17.     Defendant Dayoub, without any provocation or reasonable cause was verbally abusive towards Stallard yelling and screaming profanities at her, ordering Booker, Puhl and a third passenger, Kari Westfield, out of the vehicle, angrily shouting profanities at them, likewise without provocation or reasonable cause.

18.     After Puhl and Booker exited the vehicle, despite the absence of any reason to believe or suspect that either one had committed a criminal offense, both were handcuffed, placed into police cruisers and transported to the Burgettstown Police Department.

19.     Puhl and Booker were then detained at the Burgettstown Police Department for approximately one hour, when at approximately 1:30 a.m., they along with Stallard and Westfield were released.

20.     At the time of their release, Booker and Puhl were instructed not to operate the Stallard vehicle, that they would be arrested if observed walking in the area, that they would be charged with loitering if they remained at the police station, and that the only lawful action for them was to go to the McDonald's--which was close--located across the street from the police station.

21.     As Booker was leaving the police station, she picked up various items off of a counter which belonged to her and other items which she believed belonged to Mr. Puhl, including keys, money, identification and a cell phone.  After arriving at McDonald's, Ms. Booker discovered that she had mistakenly picked up someone else's cell phone when Puhl informed her that he had his cell phone in his possession.

22.     The cell phone was then immediately returned to the Burgettstown police station by Kari Westfield, with the explanation that it had been inadvertently picked up by Ms. Booker.

23.     The cell phone was in Ms. Booker's possession for a period of time of less than 10 minutes.

24.     Shortly after Ms. Westfield returned the cell phone, two police cruisers descended upon the McDonald's where Booker, Puhl, and Stallard were sitting outside.

25.     Defendant Price who exited one of the vehicles, confronted Booker, grabbing her and forcibly throwing her against an outside wall of McDonald's, screaming that Booker should "… not steal her phone".

26.     When Puhl attempted to show Price that his phone was similar to the one mistakenly picked up by Booker, defendants Dayoub and Gray, assaulted Puhl slamming him into the ground.

27.     Puhl and Booker were handcuffed and Puhl was shackled and both the handcuffs and shackles, for the purpose of inflicting pain on the plaintiffs, were applied in an excessively tight manner.

28.     Puhl and Booker's complaints of pain and numbness from the excessively tight handcuffs/shackles were ignored by the defendants.

29.     Defendant Price falsely charged Booker with serious misdemeanor and/or felony offenses of theft, resisting arrest, disorderly conduct and criminal conspiracy.

30.     At all times relevant hereto, Price did not have a reasonable basis to believe and/or suspect that Ms. Booker had committed any of the criminal offenses with which she had charged Ms. Booker.

31.     Defendant Price falsely charged Mr. Puhl with serious misdemeanor and/or felony offenses of aggravated assault, reckless endangerment, retaliation against a witness, obstruction of the administration of justice, resisting arrest and disorderly conduct.

32.     At all times relevant hereto, defendant Price did not have a reasonable basis to believe and/or suspect that Mr. Puhl had committed any of the criminal offenses with which she had charged him.

33.     Booker and Puhl were held at the Burgettstown police station for several hours and then incarcerated in the Washington County Jail for several more hours before being released.

34.     All of the criminal charges brought against Booker and Puhl were dismissed on March 4, 2009.

35.     At all times relevant hereto, including prior to April 30, 2008, the defendant Smith Township had received complaints from citizens about the abusive conduct of its officers, but failed to take appropriate action to prevent such abuses from occurring in the future.

36.     At all times relevant hereto, including prior to April 30, 2008 the defendant Burgettstown had received complaints from citizens about the abusive conduct of its

Case 2:05-mc-02025   Document 508   Filed 04/30/2009   Page 8 of 10

officers but failed to take adequate measures to prevent such conduct from occurring in the future.

37.     As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiffs have suffered severe emotional distress, embarrassment, humiliation and damage to reputation.

38.     As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiffs suffered bruising and/or other physical injuries.

39.     As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiffs were subjected to a violation of their rights under the fourth and fourteenth amendments to the United States Constitution, including their right to be free from unreasonable searches and seizures, use of excessive force and the filing of false and malicious charges.

40.     As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiffs incurred legal expenses to defend against the false criminal charges brought against them.

**CAUSES OF ACTION**

**CAUSES OF ACTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**

41.     Paragraphs 1 through 40 are hereby incorporated by reference as if set forth at length herein.

42.     Plaintiffs assert a cause of action against defendants Price, Dayoub and Gray for the violation of their fourth amendment rights to be free from an unreasonable search and seizure, the use of excessive force and/or as to defendant Price the filing of

false and malicious charges made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

**BOOKER AND PUHL V. SMITH TOWNSHIP AND CHIEF LaRUE-14TH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

43.    Paragraphs 1 through 42 are hereby incorporated by reference as if set forth at length herein.

44.    Plaintiffs assert claims against Smith Township and defendant Burgettstown pursuant to the substantive due process clause of the fourteenth amendment to the United States Constitution arising from such defendants' custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens as made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

45.    The violation of the plaintiffs' rights under the fourth amendment as hereinbefore described, were proximately caused by the custom, practice, and/or policy of defendants Smith Township and Burgettstown acquiescing in the violation of citizens' constitutional rights as committed by its police officers.

WHEREFORE, plaintiffs request judgment in their favor for compensatory and/or punitive damages against the individually named defendants and compensatory damages against Smith Township and Burgettstown in an amount in excess of

9

Case 2:05-mc-02025   Document 508   Filed 04/30/2009   Page 10 of 10

$75,000.00 and for the award of attorney's fees and costs and such other relief as this court deems appropriate under the circumstances.

Respectfully submitted,


/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Attorney for plaintiffs

10