## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTY BOOKER and
JOSEPH PUHL,

     Plaintiffs,

   v.

OFFICER DEREK DAYOUB, OFFICER
AMBER PRICE, OFFICER SCOTT GRAY,
SMITH TOWNSHIP, WASHINGTON
COUNTY, PENNSYLVANIA, and
BOROUGH OF BURGETTSTOWN,
PENNSYLVANIA,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 09-522

JUDGE TERRENCE F. McVERRY

**JURY TRIAL DEMANDED**

## DEFENDANT AMBER PRICE'S ANSWER
## INCLUDING AFFIRMATIVE DEFENSES AND DEFENSES
## PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant, Amber Price, by her attorneys, Thomas, Thomas & Hafer LLP, files the following Answer Including Affirmative Defenses and Defenses Pursuant to Rule 12 of the Federal Rules of Civil Procedure:

### FIRST DEFENSE

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to this Answering Defendant.

### SECOND DEFENSE

2. The averments of Paragraph 1 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that this Answering Defendant arrested and charged both Plaintiffs with various offenses as a result of events which occurred on or about May 30, 2008. It is further admitted that this Answering Defendant's actions on or about May 20, 2008 and/or at the time of the arrests of and

710838.1

filing of charges against the Plaintiffs or in accordance with the applicable policies and procedures of her employer, the Borough of Burgettstown. The averments of Paragraphs 1 of Plaintiffs' Complaint in Civil Action are otherwise denied.

3. It is admitted that by virtue of the causes of action asserted herein by the Plaintiffs, this Court has subject matter jurisdiction based on 28 U.S.C. §§1331 and 1343. To the extent that the averments of Paragraph 2 purport to aver or imply that this Answering Defendant engaged in any conduct which would afford Plaintiffs a right to recover from her under any of the theories asserted in their Complaint, the same are denied.

4. The averments of Paragraph 3 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Plaintiffs Kristy Booker and Joseph Puhl are adult individuals. The remaining averments of Paragraph 3 are denied because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

5. The averments of Paragraphs 4 through and including 7 of Plaintiffs' Complaint in Civil Action are directed to Defendants other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that a response may be required of this Defendant, said averments are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

6. The averments of Paragraph 8 of Plaintiffs' Complaint in Civil Action are directed to a Defendant other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that the averments of Paragraph

710838-1

8 are deemed to be directed to this Answering Defendant, it is admitted that on or about May 30, 2008, at the time of the events referenced in Plaintiffs' Complaint, this Answering Defendant was employed as a police officer in and for the Borough of Burgettstown, Washington County, Pennsylvania and was acting within the course and scope of her employment and in accordance with the applicable policies and procedures of the Borough of Burgettstown Police Department and under and pursuant to the laws of the Commonwealth of Pennsylvania. The averments of Paragraph 8 are otherwise denied.

7. The averments of Paragraph 9 of Plaintiffs' Complaint in Civil Action are directed to a Defendant other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that a response may be required of this Answering Defendant, it is denied that this Answering Defendant did not have all required training for a municipal police officer and it is further denied that this Answering Defendant had violated the constitutional rights of any citizens. The remaining averments of Paragraph 9 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

8. The averments of Paragraph 10 of Plaintiffs' Complaint in Civil Action are directed to a Defendant other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that the averments of Paragraph 10 are deemed to be directed to this Answering Defendant, it is denied that this Answering Defendant had, on prior occasions, violated citizens' constitutional rights. The remaining averments of Paragraph 10 are denied and strict proof of the same is

710838-1

demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

9. The averments of Paragraph 11 of Plaintiffs' Complaint in Civil Action are directed to a defendant other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that the averments of Paragraph 11 are deemed to be directed to this Answering Defendant, it is denied that this Answering Defendant engaged in any conduct which violated the constitutional rights of other citizens. The remaining averments of Paragraph 11 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

10. The averments of Paragraph 12 are denied as stated. It is admitted that a number of police officers work for both Smith Township and the Borough of Burgettstown, including some of the individual Defendant officers in this case. It is denied, however, that the Borough of Burgettstown and Smith Township share police officers and/or were joint employers. This Answering Defendant did become employed as a police officer by Defendant Smith Township after the events which are the subject of this case but, this Answering Defendant was not so employed at the time of the events giving rise to this case. The averments of Paragraph 12 are otherwise denied.

11. The averments of Paragraph 13 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Defendant Amber Price is an adult individual who at the times relevant to the within action was a police officer employed by the Defendant Borough of Burgettstown. It is further admitted that at the time of the events of on or about May 30, 2008 which are the subject of this case, this

710838-1

Answering Defendant was acting under and pursuant to the laws of the Commonwealth of Pennsylvania and in accordance with the applicable policies and procedures of the Borough of Burgettstown Police Department. The averments of Paragraph 13 are otherwise denied.

12. The averments of Paragraphs 14 and 15 of Plaintiffs' Complaint in Civil Action are directed to Defendants other than this Answering Defendant. Accordingly, this Answering Defendant need not respond.

13. The averments of Paragraph 16 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that on or about May 30, 2008, a concert occurred at the Post-Gazette Pavilion in Burgettstown, Pennsylvania. It is further admitted that on or about May 30, 2008, a vehicle being operated by an individual named April Stallard was stopped by Defendant Dayoub and that said individual was subsequently charged with driving under the influence. The averments of Paragraph 16 are otherwise denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

14. The averments of Paragraph 17 are directed to a Defendant other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that the averments of Paragraph 17 are deemed to be directed to this Answering Defendant, said averments are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

15. The averments of Paragraph 18 of Plaintiffs' Complaint in Civil Action are admitted in part and denied n part. It is admitted that both Plaintiffs were handcuffed, placed into police cruisers and subsequently transported to the Burgettstown Police Department. The remaining averments of Paragraph 18 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

16. The averments of Paragraph 19 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that both Plaintiffs remained at the Burgettstown Police Department for some period of time after having been transported there and that they were subsequently released. It is denied that this Answering Defendant was detaining the Plaintiffs.

17. The averments of Paragraph 20 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that at the time of their release, both Plaintiffs were instructed not to operate the Stallard vehicle and that they were told that they should go to the McDonalds which located across the street from the police station. It is denied that this Answering Defendant told the Plaintiffs that they would be arrested for walking in the area. The remaining averments of Paragraph 20 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge of information sufficient to form a belief as to the truth thereof.

18. The averments of Paragraph 21 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Plaintiff Booker took the cell phone belonging to this Answering Defendant when she left the police station. The remaining averments of Paragraph 21 are denied.

19. The averments of Paragraph 22 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that an individual by the name of Kari Westfield returned to the police station with this Answering Defendant's cell phone. The remaining averments of Paragraph 22 are denied.

20. The averments of Paragraph 23 of Plaintiffs' Complaint in Civil Action are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

21. The averments of Paragraph 24 of Plaintiffs' Complaint in Civil action are admitted in part and denied in part. It is admitted that shortly after Ms. Westfield returned this Answering Defendant's cell phone to her, this Answering Defendant drove to the McDonalds where Plaintiffs were sitting outside at a picnic table. It is further admitted that a Smith Township police car arrived at some point after this Answering Defendant had arrived at the McDonalds. The averments of Paragraph 24 are otherwise denied.

22. The averments of Paragraph 25 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that this Answering Defendant exited her vehicle and confronted Plaintiff Booker by asking her why she stole this Answering Defendant's cell phone. The averments of Paragraph 25 are otherwise denied.

23. The averments of Paragraph 26 of Plaintiffs' Complaint in Civil Action are denied as stated. It is admitted that as a result of Plaintiff Puhl grabbing this Answering Defendant's arm from behind, Defendants Dayoub and Gray ordered Plaintiff Puhl to

the ground after pulling Plaintiff Puhl off of this Answering Defendant. The averments of Paragraph 26 are otherwise denied.

24. The averments of Paragraph 27 are admitted in part and denied in part. It is admitted that Plaintiffs were handcuffed. The averments of Paragraph 27 are otherwise denied.

25. The averments of Paragraph 28 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Plaintiffs' complain that the handcuffs were too tight. The averments of Paragraph 28 are otherwise denied.

26. The averments of Paragraph 29 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Defendant Price charged Plaintiff Booker with theft by unlawful taking or disposition, resisting arrest, disorderly conduct, public drunkenness and criminal conspiracy. The averments of Paragraph 29 are otherwise denied.

27. The averments of Paragraph 30 of Plaintiffs' Complaint in Civil Action are denied.

28. The averments of Paragraph 31 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that this Answering Defendant charged Plaintiff Puhl with aggravated assault, recklessly endangering another person, harassment, retaliation against a witness or victim, obstructing administration of law or other government function, resisting arrest and disorderly conduct. The averments of Paragraph 31 are otherwise denied.

29. The averments of Paragraph 32 of Plaintiffs' Complaint in Civil Action are denied

30. The averments of Paragraph 33 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that Plaintiffs were held at the Burgettstown police station until their arraignment at which time they were taken to the Washington County Jail. The remaining averments of Paragraph 33 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge of information sufficient to form a belief as to the truth thereof.

31. The averments of Paragraph 34 of Plaintiffs' Complaint in Civil Action are admitted in part and denied in part. It is admitted that the criminal charges filed by this Answering Defendant against the Plaintiffs were dismissed on or about March 4, 2009 on the basis that this Answering Defendant was purportedly unavailable. To the extent that Plaintiffs' Complaint purports to aver or imply that the said dismissal of the charges was based upon a consideration of the merits of the same and/or that probable cause was lacking, said averments are denied.

32. The averments of Paragraphs 35 and 36 off Plaintiffs' Complaint in Civil Action are directed to Defendants other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that the averments of Paragraphs 35 and 36 are deemed to be directed to this Answering Defendant, it is denied that this Answering Defendant had engaged in any abusive conduct so as to precipitate complaints from citizens. The averments of Paragraphs 35 and 36 are otherwise denied because this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

710838-1

33. The averments of Paragraphs 37 through and including 39 of Plaintiffs' Complaint in Civil Action are denied.

34. The averments of Paragraph 40 of Plaintiffs' Complaint in Civil Action are denied as stated. It is denied that this Answering Defendant filed false criminal charges against the Plaintiffs. The remaining averments of Paragraph 40 are denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge of information sufficient to form a belief as to the truth thereof.

35. In response to the averments of Paragraph 41 of Plaintiffs' Complaint in Civil Action, this Answering Defendant incorporates herein by reference the responses as set forth herein to Paragraphs 1 through and including 40 of Plaintiffs' Complaint in Civil Action.

36. The averments of Paragraph 42 of Plaintiffs' Complaint in Civil Action are denied.

37. In response to the averments of Paragraph 43 of Plaintiffs' Complaint in Civil Action, this Answering Defendant incorporates herein by reference the responses as set forth herein to Paragraphs 1 through and including 42 of Plaintiffs' Complaint in Civil Action.

38. The averments of Paragraphs 44 and 45 of Plaintiffs' Complaint in Civil Action are directed to Defendants other than this Answering Defendant. Accordingly, this Answering Defendant need not respond. To the extent that a response may be required of this Answering Defendant, it is denied that this Answering Defendant engaged in any conduct which violated Plaintiffs' rights under the United States Constitution and further denies that this Answering Defendant violated the constitutional

rights of any other citizens as alleged. The averments of Paragraphs 44 and 45 are otherwise denied and strict proof of the same is demanded at the time of trial because this Answering Defendant is without knowledge of information sufficient to form a belief as to the truth thereof.

39. Any remaining averments set forth in the Complaint which are not otherwise specifically admitted in the preceding paragraphs are hereby denied.

## THIRD DEFENSE

40. At all time relevant herein, Defendant Price, to the extent that she has been sued in her individual capacity, acted reasonably and in good faith and/or reasonably believed that her conduct was authorized or required by law and/or not contrary to any clearly established law, thereby entitling her to qualified immunity in accordance with established federal jurisprudence.

## FOURTH DEFENSE

41. At all times relevant herein, any force used by Defendant Price, if any, to effectuate the arrest and detention of the Plaintiffs, was reasonable and justified generally and pursuant to 18 Pa. C.S. §501 *et seq.*

## FIFTH DEFENSE

42.  At all relevant times, probable cause existed for the actions taken by this Answering Defendant with respect to the Plaintiffs.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By _____
Thomas P. McGinnis, Esquire
Pa. I.D. No. 46666
Suzanne B. Merrick, Esquire
Pa. I.D. No. 47724
Karin Romano Galbraith, Esquire
Pa. I.D. No. 92068
Counsel for Defendant, Officer Amber Price

One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA 15219
(412) 697-7403
tmcginnis@tthlaw.com
smerrick@tthlaw.com
kgalbraith@tthlaw.com