IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTY BOOKER and JOSEPH PUHL, | ) | CIVIL ACTION – LAW |
| | ) | |
| Plaintiffs, | ) | No. 09-522 |
| | ) | |
| vs. | ) | Judge Terrence McVerry |
| | ) | |
| OFFICER DEREK DAYOUB, OFFICER | ) | **ELECTRONICALLY FILED** |
| AMBER PRICE, OFFICER SCOTT | ) | |
| GRAY, SMITH TOWNSHIP, | ) | |
| WASHINGTON COUNTY, | ) | |
| PENNSYLVANIA, and BOROUGH OF | ) | |
| BURGETTSTOWN, PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER

NOW COMES Officer Derek Dayoub, by its attorneys Thomson, Rhodes &

Cowie, P.C. and files the following answer and affirmative defenses to plaintiffs'

complaint.

FIRST DEFENSE

1.      The complaint fails to state any cause of action upon which relief may be

granted.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be

entered in favor of the defendant.

1

## SECOND DEFENSE

2.      The complaint fails to state any cause of action for false arrest, for which reason all such claims should be dismissed.

3.      No false arrests occurred.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

## THIRD DEFENSE

4.      The complaint fails to state any cause of action for excessive force, for which reason all such claims should be dismissed.

5.      No excessive force was utilized.  The events that occurred did not involve the use of excessive force.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

FOURTH DEFENSE

6.      The complaint fails to state any cause of action for the alleged filing of malicious charges without probable cause or a reasonable basis, for which reason all such claims should be dismissed.

7.      No charges were filed on a malicious basis nor were any charges filed without probable cause or a reasonable basis by, through, or on behalf of this defendant.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

FIFTH DEFENSE

8.      Plaintiffs' complaint fails to state any cause of action for any violation of the Fourth Amendment.

9.      Plaintiffs have failed to state any cognizable action against this defendant based upon violation of a Constitutional right pursuant to the Fourth Amendment or otherwise.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

3

## SIXTH DEFENSE

10.     Plaintiffs' complaint fails to state any cause of action for any violation of the Fourteenth Amendment to the United States Constitution or §1983.

11.     Plaintiffs have failed to state any cognizable action against this defendant based upon violation of a Constitutional right pursuant to the Fourteenth Amendment, §1983, or otherwise.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

## SEVENTH DEFENSE

12.     In response to the allegations of the complaint, the following specific answers and defenses are made:

13.     Defendant is advised and therefore believes and avers that the Federal Rules of Civil Procedure do not require it to set forth its answers and defenses except as stated below.

4

14.     If and to the extent that any factual averment in the complaint is not responded to in the paragraphs which follow, said allegation is denied for the reason that, after a reasonable investigation, this defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the averments therein.

15.     Each of the paragraphs of this answer should be read so as to incorporate by reference each of the other paragraphs of this answer, including the paragraphs of the other defenses set forth in this answer.

16.     Paragraphs 1, 5, 6, 7, 12, 26, 37, 38, 39, 40, 42 of the complaint constitute conclusions of law to which no further response is required.  However, if any response is deemed necessary, these paragraphs and sub-paragraphs are denied.

17.     Paragraph 2 of the complaint is admitted in part and denied in part.  It is admitted that the provisions cited are the appropriate jurisdictional provisions for the type of claims being asserted; however, any statement, suggestion or implication that plaintiffs have asserted a valid cause of action is denied.

18.     The following paragraphs of the complaint are denied for the reason that, after a reasonable investigation, this defendant has insufficient information or knowledge to form a belief as to the truth of the averments therein:  3, 20, 23, 25, 33, 34, 35.

19.     Paragraph 4 of the complaint pertains to other defendants for which no further response is required.  However, if any response is deemed necessary, this paragraph is denied for the reason that, after a reasonable investigation, defendant has insufficient information or knowledge to form a belief as to the truth of the averments therein.

20.     The following paragraphs of the complaint refer solely to other defendants for which reason no response is required:  8, 15.

21.     Paragraphs 9, 10, 11, 13, 29, 30, 31, 32, 36 of the complaint pertain to other defendants for which no further response is required.  However, if any response is deemed necessary, these paragraphs are denied for the reason that, after a reasonable investigation, defendant has insufficient information or knowledge to form a belief as to the truth of the averments therein.

22.     Paragraphs 14 and 19 of the complaint are admitted.

23.     Paragraphs 16, 18 and 24 of the complaint are denied because they editorialize upon or misrepresent the occurrence of events and/or describe events in a way that is inaccurate, misleading, or incomplete.  They are not complete, truthful and accurate descriptions of what occurred.

24.     Paragraphs 17, 21, 22, 27 and 28 of the complaint are denied.

25.     Paragraphs 41 and 43 of the complaint solely incorporate by reference other paragraphs, for which no separate response is required.  However, to the extent that any additional response is deemed necessary, defendant incorporates by reference its answers to those paragraphs which have been incorporated by the plaintiff.

26.     Paragraphs 44 and 45 of the complaint pertain to other defendants for which reason no response is required.  However, if any response is deemed necessary, these paragraphs are denied.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

<u>EIGHTH DEFENSE</u>

27.     Plaintiffs have failed to state any claim for punitive damages.

28.     Plaintiffs' claim for punitive damages must be dismissed because this defendant did not engage in any conduct motivated by evil motive or intent.

29.     The claim for punitive damages must be dismissed because this defendant did not engage in any conduct which was reckless or callously indifferent to the federally protected rights of plaintiffs or other persons.

30.     The allegations in the complaint do not constitute occurrences involving reckless or callous conduct.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

NINTH DEFENSE

31.     The claims asserted against these defendants must be dismissed because the police officers acted with probable cause.

32.     The claims asserted against these defendants must be dismissed because the police officers acted reasonably at all relevant times.

33.     The claims asserted against these defendants must be dismissed because the police officers' conduct did not in any way violate any Constitutional rights of either plaintiff.

34.     At all times, this defendant acted reasonably and in good faith and/or reasonably believed that his conduct was authorized or required by law, and/or not contrary to clearly established law, thereby entitling him to qualified immunity in accordance with federal jurisprudence.

8

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

TENTH DEFENSE

35.    Plaintiffs' claims should be dismissed on the basis of qualified privilege/immunity.

36.    Plaintiffs' claims should be dismissed because at all relevant times the defendants were engaging in conduct which was reasonable and in accordance with the law.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

ELEVENTH DEFENSE

37.    Plaintiffs have asserted a claim for attorneys' fees but there is no valid basis upon which any attorneys' fees may be awarded.

38.    Plaintiffs have failed to state any valid cause of action for attorneys' fees.

9

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

TWELFTH DEFENSE

39.     There is no basis under law by which plaintiffs could be entitled to any punitive damages.

48.     The imposition of punitive damages against any defendant would violate defendants' Constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the Fifth Amendment of the constitution of the United States, similar provisions in the applicable Pennsylvania Constitution, and/or the common law and public policies of Pennsylvania, and/or applicable statutes and court rules, given the circumstances of this litigation, if any of the following events occurred:

(a)     Imposition of punitive damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive damages award, (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of defendants, (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible, and (5) is not subject to trial

court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objection standards;

(b)     Imposition of punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise or inconsistent;

(c)     Imposition of punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

(d)     Imposition of punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(e)     Imposition of punitive damages, and determination of the amount of an award thereof, under any state's law subject to no pre-determined limit, such as the maximum multiple of compensatory damages or maximum amount; and/or

(f)     Imposition of punitive damages, and determination of the amount of an award thereof, based on anything other than defendants' conduct in connection with the specific averments alleged in the complaint and directly pertaining to this case, or in any other way subjecting defendants to impermissible multiple punishment for the same alleged wrong.

WHEREFORE, plaintiffs' complaint should be dismissed and judgment should be entered in favor of the defendant.

11

JURY TRIAL DEMANDED.

Respectfully submitted,

THOMSON, RHODES & COWIE, P.C.

*s/David R. Johnson, Esquire*

_____

David R. Johnson, Esquire
PA26409

THOMSON, RHODES & COWIE, P.C.
1010 Two Chatham Center
Pittsburgh, PA  15219
Phone:  412-232-3400
Fax:  412-232-3498
e-mail:  drj@trc-law.com

Attorneys for Officer Derek Dayoub, one of
the defendants.

12